UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PB FARRADYNE, INC., a Maryland corporation,<br><br>Plaintiff,<br><br>THOMAS D. PETERSON, individually and doing business as TRAFFIC ASSIST (a California company),<br><br>Defendant. | Case No.: C-05-3447 (SI)<br>The Honorable Susan Illston<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1  The parties to this action, plaintiff PB FARRADYNE, INC., a Maryland corporation, ("PB Farradyne" or "plaintiff") and defendant THOMAS PETERSON, individually and doing business as TRAFFIC ASSIST ("Peterson"), by and through their respective undersigned counsel, hereby stipulate to and request the entry of, the following Protective Order:

1. All documents, materials, items, and/or information produced either by a party or by a third party to or for any of the parties in this case shall be governed by this Protective Order.

2. Any information or materials produced by any party or third party as part of discovery in this action may be designated by such party or third party as (1) "Confidential" or (2) "Highly Confidential – Attorneys' Eyes Only" under the terms of this Protective Order. Absent a specific order by this Court, such designated information shall be used by the parties and their counsel solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, or any other litigation, and such information shall not be disclosed to anyone except as provided herein. For the purposes of this Protective Order, a party that receives such information or materials is the Receiving Party and the party that produces them is the Producing Party.

3. As a general guideline, information or materials designated as "Confidential" shall be those things that may be disclosed to the parties for the purposes of the litigation, but which should be protected against disclosure to third parties. Examples of such information or materials include materials a party reasonably and in good faith believes contain or disclose information that the party, in the ordinary course of business, does not or would not publicly disclose, or information that a party is under a preexisting obligation to maintain as confidential.

4. As a further general guideline, information or materials designated as "Highly Confidential – Attorneys' Eyes Only" shall be those things of a proprietary business or technical nature that would be of value to a competitor or potential customer of the party or third party holding the proprietary rights thereto, and whose disclosure to the other party or to a non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. Examples of such information or materials may include a party's trade secrets; confidential technical or business information; technical practices; methods or other know-how; present or

1  future marketing plans; product profit data or other projections; patent applications; financial data; business strategy; confidential agreements or relationships with third parties; or materials that a party is under a pre-existing obligation to a third party to treat as such.

5. The designation of information or material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the following manner by the party or third party seeking protection:

(a) in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as appropriate, to each page containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or third party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. No liability or sanctions, however, shall arise or be imposed for any disclosure by the receiving party before such post-production designation to those not authorized to view the materials under this Protective Order after such post-production designation.

(b) in the case of depositions or other pretrial testimony: by a statement on the record, by counsel, during such deposition or other pretrial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as appropriate, hereunder. When it is impractical to identify separately each portion of testimony that is entitled to protection, or when it appears that substantial portions of the testimony may qualify for protection, or by agreement of the parties, designating party may invoke on the record (before the deposition of proceeding is concluded) a right to have up to twenty (20) calendar days after receipt of an electronic rough draft of the deposition transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before final paper transcript is released. Nothing in this procedure will prevent any counsel of record from receiving a copy of the rough draft or electronic copy of the transcript from

1  the court reporter at the same time as the counsel for the witness or party examined. The parties
2  shall treat all deposition and other pretrial testimony as "Highly Confidential – Attorneys' Eyes
3  Only" hereunder until the expiration of ten (10) calendar days after the mailing by the court
4  reporter to counsel of the final paper transcript of the testimony. Unless so designated, any
5  confidentiality is waived after the expiration of the ten (10) calendar day period unless otherwise
6  stipulated or ordered. The parties may modify this procedure for any particular deposition or
7  proceeding through agreement on the record at such deposition or proceeding or otherwise by
8  written stipulation, without further order of the Court; provided, however, that any such
9  modification is subject to review by the Court, if appropriate. If any document or information
10 designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is used during the
11 course of a deposition, that portion of the deposition record reflecting such confidential
12 information shall be sealed and stamped with the designated degree of confidentiality, and access
13 thereto shall be limited pursuant to the other terms of this Protective Order.

14       (c) With respect to any testimony elicited during any deposition, whenever
15 counsel for any party deems that any question or line of questioning calls for or has resulted in
16 disclosure of information that should be treated as "Confidential" or "Highly Confidential –
17 Attorneys' Eyes Only" and any representative of a party (or any other person) is in attendance at
18 the deposition who is not a party to whom disclosure of such information is permitted pursuant to
19 this Order, and such representative is not the witness being examined, such representative shall be
20 excluded from those portions of the proceeding during which disclosure of the information
21 designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as the case may be,
22 occurs.

23       (d) Each party or non-party that designates information as "Confidential" or
24 "Highly Confidential – Attorneys' Eyes Only" under this Order must take care to limit any such
25 designation to specific material that qualifies under the appropriate standards. A Designating Party
26 must take care to designate as "Confidential" or "Highly Confidential" – Attorneys' Eyes Only"
27 only those parts of documents that qualify, so that other portions of the documents and items for
28

which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.

6. Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) the parties' respective outside counsel ("Outside Counsel") in this action, and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) three (3) designated employees and one (1) designated in-house counsel of each party whose assistance is needed by counsel for the purposes of this litigation, subject to and conditioned upon compliance with Paragraphs 8 and 9 herein;

(c) consultants who have been retained by a party or counsel of record in this litigation for purposes of assisting in the preparation of this litigation for trial and who have been qualified pursuant to paragraphs 8 and 9 of this Protective Order (such as independent accountants, statisticians, economists, technical consultants, or other technical experts);

(d) the Court, Court personnel, jurors, and others employed by the Court;

(e) court reporters and employees of court reporters engaged in connection with this action to record and transcribe testimony in this litigation who have agreed to be bound by and comply with this Protective Order, and any outside copy services who have agreed to be bound by and comply with this Protective Order;

(f) third party contractors, including their employees and agents, involved solely in one or more aspects of graphics or design services for purposes of preparing demonstrative exhibits, organizing, filing, copying, coding, converting, sorting, translating, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, subject to and conditioned upon compliance with Paragraph 8 herein;

  (g) non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 8 herein;

  (h) any authors or recipients of the information or materials marked Confidential and, in the case of information or materials prepared in connection with the author's employment, any witnesses currently employed by the same entity that employed the author at the time the information or materials were created;

  (i) any other person only upon order of the Court or upon written consent of the Producing Party.

7. Information or material designated as "Highly Confidential – Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the persons of paragraph 6(a) and 6(c)-(i). Notwithstanding the provisions of this paragraph, information designated "Highly Confidential – Attorneys' Eyes Only" by a Producing Party may not be disclosed to any individual whose duties include participating directly or indirectly in the preparation or prosecution of any patent application (including without limitation the drafting of patent claims or reissue or reexamination proceedings) on behalf of a Receiving Party during any time prior to the expiration of two years following the final resolution of this lawsuit (including appeals).

8. All persons listed in Paragraphs 6(b), (c), (f), or (g), above may be given access to information or material designated as "Confidential," and all persons listed in paragraphs 6(c), (f), or (g) above may be given access to information or material designated as "Highly Confidential – Attorneys' Eyes Only," only after they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

9. The procedure for having a party employee, party in-house counsel, or consultant approved for access to designated information or materials shall be as follows:

     (a)     The party seeking to have an employee or in-house counsel, as defined in Paragraph 6(b) herein, approved shall provide the other parties with such person's name and title, and a copy of a completed and signed undertaking in the form attached hereto as Exhibit A.

     (b)     The party seeking to have a consultant, as defined in Paragraph 6(c) herein, approved shall provide the other parties with a current resume or curriculum vitae of such person, which shall identify their past and present employment, as well as persons or entities with whom the consultant has been engaged in any consulting relationships for the last five years as well as a brief description of the subject matter of that consulting work, and a copy of a completed and signed undertaking in the form attached hereto as Exhibit A.

     (c)     Within ten (10) calendar days after mailing (via overnight delivery) of the information and signed undertaking by the party seeking approval, any other party may object to the person proposed for approval. Failure to object within ten (10) days to a person proposed shall be deemed approval, but shall not preclude a party from objecting to continued access of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information by that person where new facts suggesting a basis for objection are subsequently learned by the party or its counsel.

     (d)     If any other party so objects, the parties shall, within five (5) days from the date of the mailing of the notice of objection, confer and attempt to resolve the dispute. At that conference the objecting party shall inform the party requesting approval of its reasons for objecting to the designated person. If the parties cannot resolve the dispute, or if the conference does not take place, then within thirty (30) days from the date of the mailing of notice of objection, the objecting party may move the Court for an order that access to information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" be denied to the designated person. These time periods are not to restrict any party from moving for a Court order earlier if the circumstances so require. Failure by the objecting party to timely move the Court for such an order shall be deemed approval.

10.     "Highly Confidential – Computer Source Code." "Computer Source Code" is defined herein as computer source code or similar highly confidential programming statements and/or instructions that in general are converted into machine language by compilers, assemblers

or interpreters and source code-related documents that are held by a party within its source code control system. Computer Source Code will be produced in electronic form unless only a printed copy is available. In either event, Computer Source Code may be so designated by affixing the following legend on paper copies of the code or on the media itself (such as a label on a diskette or CD-ROM):

**Highly Confidential – Computer Source Code**

Information designated as Highly Confidential – Computer Source Code shall be subject to all of the restrictions applicable to information designated as Highly Confidential and in addition subject to the restrictions below. Except as provided in paragraph 10(e) below, in no event shall an employee, officer, or director of a party to this action or of any competitor of any party to this action have access to Computer Source Code without a court order or the written consent of the Producing Party.

(a) Storage and Copying of Computer Source Code. Because of the highly sensitive nature of Computer Source Code and because of the ease with which electronic media may be copied, transported, or stolen, Computer Source Code may not be copied or stored by any person acting on behalf of a Requesting Party permitted to have access to the same (an "authorized person"), except as expressly permitted herein.

    (i) Subject to paragraph 3.2.2 below, when a Producing Party produces Computer Source Code in electronic form (e.g., on diskette, CD-ROM, DVD, etc.), no authorized person may copy such Computer Source Code onto any form of electronic media, including without limitation, hard drives, removable electronic media (such as diskettes, CD-ROM, DVD, PC card, flash media, etc.), or network servers, except to the extent loaded into RAM or virtual RAM as required by a computer's operating system for viewing or analysis purposes.

    (ii) To reduce the possibility of theft by, for example, a computer "hacker," an authorized person may only view, analyze or otherwise use a Producing Party's Computer Source Code on a computer that, at the time of such

viewing, analysis or other use, is completely "stand alone" and not linked to any network, including a local area network ("LAN"), an intranet or the Internet. In the event that the authorized person's computer is normally connected to such a network, the computer must be disconnected from that network at such times that the Computer Source Code is actually being viewed, analyzed or otherwise used. Typically this only requires that the computer's network cable be unplugged or in the case of wireless networks, that the wireless access card be removed or otherwise disabled.

    (iii) The Computer Source Code must always be removed from the computer when it is not currently being viewed, analyzed or otherwise used, and at such times of non-use, the Computer Source Code shall securely be stored in a location accessible only to authorized persons, apart from the computer, so that should the computer be lost or stolen, the Computer Source Code shall remain safe.

    (iv) At the time an authorized person uses a computer to view, analyze or otherwise use a Producing Party's Computer Source Code, that computer must remain within the direct control of that person.

  (b) Excerpting Computer Source Code. An authorized person may excerpt portions of a Producing Party's Computer Source Code onto paper or electronic media (such as into an electronically stored brief) for the purpose of creating submissions to the Court or for presentation at hearings or at trial, but only if the following provisions are satisfied.

    (i) The number of pages of a Producing Party's Computer Source Code copied onto paper (collectively, the "Computer Source Code excerpts") may not, in the aggregate, exceed eighty (80) pages, unless otherwise permitted by a prior order of the Court, or unless otherwise permitted by the prior written authorization of the Producing Party's counsel. Any and all such Computer Source Code excerpts shall be marked "Highly Confidential – Computer Source Code." and to the extent submitted to the Court or presented at

hearings or at trial, subject to the same requirements as Confidential Information designated Highly Confidential. Otherwise, any and all Computer Source Code excerpts shall be treated and handled as Computer Source Code. Should such excerpts thereafter be transferred back to electronic media, such media shall continue to be labeled "Highly Confidential -- Computer Source Code." and shall once again be treated as such.

    (ii) Absent prior order of the Court, or unless otherwise permitted by the prior written authorization of the Producing Party's counsel, not more than two (2) pages of a Producing Party's Computer Source Code may be copied electronically into a brief for submission to the Court, or otherwise for presentation at a hearing or at trial. Any such submitted brief shall be marked "Highly Confidential – Computer Source Code." and access thereto shall continue to be limited to authorized persons. In the event that such brief or presentation is stored electronically on a computer network, it shall be password protected so as to limit access to authorized persons.

(c) Transporting Computer Source Code. A Producing Party's Computer Source Code and/or Computer Source Code excerpts may not be transported in any way except as follows:

    (i) They may be transported only at the direction of an authorized person to another authorized person;

    (ii) They may be transported only on paper or removable electronic media (e.g., a diskette or CD-ROM) via hand carry, Federal Express or other similarly reliable courier;

    (iii) The information contained on Computer Source Code and/or Computer Source Code excerpts may not be transported or transmitted electronically over a network of any kind, including over a local area network (LAN), intranet or the Internet.

   (d) Transporting a Computer Containing Computer Source Code. No computer containing a copy of a Producing Party's Computer Source Code or Computer Source Code excerpts, whether loaded into its RAM or onto its hard drive or other storage media of the computer, shall be transported until such copies are purged from the computer, so that should the computer be lost or stolen, the Computer Source Code shall remain safe. Computer media containing Computer Source Code shall be erased by a secure erase method that complies with Department of Defense standard 5220.22-M.

   (e) As an exception to the above, Mr. Peterson may review up to two pages of Computer Source Code produced by PB Farradyne but, if he does so, he shall be precluded from (i) using that Computer Source Code or any information derived from it for any purpose other than the prosecution or defense of his claims and defenses in this litigation or any appeal therefrom and shall not use it for any business, commercial, competitive, personal, or other purpose, or (ii) filing, in any patent application or in any response to any office action, including any original, divisional, continuation, continuation-in-part, renewal, extension, reexamination, reissue, and foreign counterparts of existing or future patents or patent applications, any new or amended patent claim related to or concerning the subject matter of the portion of any Computer Source Code that he reviews ("the Reviewed Portion"). Before providing any Computer Source Code of PB Farradyne to Mr. Peterson for review, Mr. Peterson's counsel shall identify specifically to PB Farradyne's counsel the Reviewed Portion that counsel proposes to disclose to Mr. Peterson. In response, PB Farradyne's counsel shall provide Mr. Peterson's counsel with a list of subject matter categories considered to be 'related to or concerning' the Reviewed Portion and to which the preclusion provision in clause (ii) of this paragraph shall apply. If Mr. Peterson's counsel believes that the list provided by counsel for PB Farradyne is overbroad (*i.e.*, broader than necessary to provide reasonable protection for PB Farradyne's trade secrets or confidential business information in the Review Portion), then the parties shall meet and confer over proper wording of the categories, and if they cannot agree, Mr. Peterson's counsel may elect to bring the dispute to the Court for resolution, but in no event shall Mr. Peterson be provided any Computer Source Code for review, absent a further court order, unless and until Mr. Peterson has agreed in writing to be precluded

from the above-stated actions as to agreed-upon subject matter categories. Disclosure to PB Farradyne's counsel of information required under this paragraph does not waive any attorney-client privilege or work product protection belonging to Mr. Peterson, but attorney-client privilege or work product protection will not be asserted to bar questions about what parts of PB Farradyne's Computer Source Code, if any, Mr. Peterson saw, when he saw such Code, any actions he subsequently took concerning any patent-related activity, or the occurrence or non-occurrence of any acts precluded by clauses (i) or (ii), above. Mr. Peterson will not be given custody or control of the Reviewed Portion; rather, it shall remain in the custody and control of persons otherwise authorized to review PB Farradyne's Computer Source Code during any review by Mr. Peterson. The limitations in clause (ii) of this paragraph shall not apply to any patent claim having an effective filing date one year or more after the final termination of this Action. If Mr. Peterson reviews any Computer Source Code of PB Farradyne, he shall promptly identify to attorneys for PB Farradyne, by reference to publicly accessible online records of the U.S. Patent & Trademark Office, or by producing a complete copy, of any patent applications or other communications between Mr. Peterson or his representative and the U.S. Patent & Trademark Office that are then existing or that come into existence at any time before one year after the final termination of this Action, for the purpose of allowing PB Farradyne's attorneys to verify Mr. Peterson's compliance with the limitation in clause (ii) of this paragraph. Mr. Peterson may designate such documents, if not publicly available from the U.S. Patent & Trademark Office, as Attorneys Eyes Only under this Order.

11. For applications and motions to the Court on which a party submits materials marked as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," all documents and chamber copies containing the materials so marked shall be filed with the Court in sealed envelopes or other appropriate sealed containers. The word "Confidential" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope(s):

This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.

12. No party shall be obligated to challenge the propriety of the designation of any material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and a failure to do so shall not preclude any subsequent objection to such designation or motion to seek permission to disclose such material or the information contained therein to persons not identified in this Order, or from otherwise modifying the provisions of this Order.

13. A party may challenge another party's designation of information or materials produced herein as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation. The parties shall confer in good faith as to the validity of the designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated.

14. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any party that any particular information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential" or "Highly Confidential – Attorneys' Eyes Only";

(c) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

(d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

(g) prejudice in any way the rights of a party to make a showing that information or materials of proprietary or competitive value, but which is not specifically included in the categories of "Highly Confidential – Attorneys' Eyes Only" information or materials itemized in Paragraph 4 above, is properly designated "Highly Confidential – Attorneys' Eyes Only"; or

(h) prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material produced by the parties.

15. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" obtained lawfully by such party independently of any proceedings in this action, or which:

(a) was already known to such party by lawful means prior to acquisition from, or disclosure by, another party in this action;

(b) is or becomes publicly known through no fault or act of such party; or

(c) is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

16. Any party or third party who inadvertently fails to designate information or materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or otherwise wishes to change the designation of confidentiality under this Protective Order, may later do so, and such document/information shall be treated by all other parties as being so designated from the time of the notification in writing of the inadvertent designation. A party shall correct its failure to mark an item as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in writing accompanied by substitute copies of each item, container or folder, appropriately marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Protective Order. The inadvertent disclosure of information and materials marked as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by the producing party in producing discovery, regardless of whether the information was designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the time of disclosure, shall not be treated as a waiver in whole or in part of a producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject, and each party agrees to make reasonable efforts to preserve the confidentiality of the inadvertently disclosed information. As soon as the receiving party has notice of the inadvertent production, the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 6 or 7 above, as well as any copies made by such persons.

17. If a producing party inadvertently discloses to a receiving party any information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure advise the receiving party in writing and request that the item or items of information be returned. In that event, the disclosure shall not serve as a waiver of any privilege or immunity. The provisions of this paragraph shall not apply to any disclosure when the material disclosed is relied upon by the producing party during trial or in support of any position taken before the Court.

18. Information produced by a third party in this proceeding and designated in conformity with the provisions of this Protective Order shall be subject to the provisions herein and provide the third party with all of the rights and obligations set forth herein. In order to expedite third party discovery, a copy of this Protective Order and a letter generally informing the third party of its right to invoke the protections set out herein shall be served with all such discovery.

19. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of materials marked as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at trial.

20. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" hereunder, except the Court and those employed by the Court, shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party or, alternatively, shall destroy such material and provide written certification of such destruction to counsel for the producing party. Notwithstanding the foregoing, Counsel described in paragraphs 6(a) above shall be entitled to retain court papers, deposition transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"). All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

21. If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material "Confidential" or "Highly Confidential – Attorneys' Eyes Only," shall furnish the producing party with a copy of said subpoena or other process or order, shall object to

1  its production by setting forth the existence of this Protective Order, and shall reasonably
2  cooperate with respect to any procedure sought to be pursued by the party whose interest may be
3  affected. The producing party asserting the confidential treatment shall have the burden of
4  defending against such subpoena, process or order. Nothing herein shall be construed as requiring
5  the party or anyone else covered by this Protective Order to challenge or appeal any order requiring
6  production of information or material covered by this Protective Order, or to subject itself to any
7  penalties for noncompliance with any legal process or order, or to seek any relief from this Court.
8  IT IS SO STIPULATED BY AND BETWEEN THE PARTIES.

## SO ORDERED

Based upon the foregoing Stipulation and good cause appearing therefor,

IT IS HEREBY ORDERED that the meanings and provisions contained in the foregoing Protective Order concerning the use and/or disclosure of Confidential Information shall be effective as to all parties for the purposes of this litigation and all related matters.

IT IS SO ORDERED.

*[signature: Susan Illston]*

Date: _____

_____
THE HONORABLE SUSAN ILLSTON

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW

SF #1051948 v1

-17-

[PROPOSED] STIPULATED PROTECTIVE ORDER (Case No.: C-05-3447 (SI))

# EXHIBIT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

1     I, the undersigned, _____ (print or type name), hereby acknowledge that I have received a copy of the Stipulated Protective Order (the "Order") entered on _____, 2006 in the matter entitled "*PB Farradyne, Inc. v. Thomas D. Peterson individually and doing business as Traffic Assist,*" Case No. C-05-3447 (SI), pending in the United States District Court for the Northern District of California. My business/residence address is:

_____

_____

    I hereby acknowledge that I have received a copy of the Order, have read and understand the Order, and agree to (1) be bound by all of the provisions thereof, (2) submit to the jurisdiction of the United States District Court for the Northern District of California for purposes of enforcing the Order, and (3) hereby appoint _____, (print or type name), at _____ (print or type address), as my California agent for service of process in connection with this action.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Agreement was executed on the ____ day of _____, 2006, at _____.

_____
Signature

THELEN REID & PRIEST LLP
ATTORNEYS AT LAW

SF: 1051948

-18-