IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PB FARRADYNE, INC., | No. C 05-3447 SI |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL** |
| v. | |
| THOMAS D. PETERSON, | |
| Defendant. | |

By letter briefs, the parties have submitted a discovery dispute to the Court for resolution.[1] The dispute concerns plaintiff's designation of nearly the entirety of a recent document production as "confidential" or "highly confidential – attorneys' eyes only." Defendant contends that these designations are improper for a variety of reasons, including the fact that most documents are public records. Defendant also contends that plaintiff has failed to comply with the terms of the protective order requiring parties designating documents as confidential to explain the bases for the asserted designations once those designations are challenged.

Plaintiff responds that defendant's letter brief was premature, and that the parties are close to resolving the instant dispute because plaintiff has agreed to "downgrade the designations" of two documents, and further agreed to "downgrade the designations" of all the documents listed in defendant's June 15, 2006 meet and confer letter "pending confirmation that they are not 'Highly Confidential' or 'Confidential' within the meaning of the Protective Order." Plaintiff's August 15, 2006 letter brief. It is not clear from plaintiff's letter whether plaintiff intends to completely remove any

---

[1] The letter briefs are found at Docket Nos. 95, 97 and 106.

confidentiality designation, or just "downgrade" from "highly confidential" to "confidential." Plaintiff also does not explain what information it is waiting for to confirm that the documents are not "highly confidential" or "confidential."[2]

The Court concludes that plaintiff has failed to comply with the terms of the protective order, and hereby ORDERS that documents with production numbers PFB000002-2750 be designated non-confidential. By **August 25, 2006**, PBF shall produce a new disk containing those documents without any confidentiality markings. Both in the meet and confer process and in the letter brief to this Court, plaintiff has failed to provide any document-specific justification for the confidentiality designations, leading the Court to conclude that there was no reasoned basis for designating virtually all of the produced documents as confidential. Moreover, contrary to plaintiff's assertions, confidentiality designations impose significant burdens on the parties and the Court because all documents so designated must be filed under seal.

Accordingly, the Court GRANTS defendant's motion to compel to the extent defendant seeks the de-designation of documents identified as "confidential" or "highly confidential" in plaintiff's initial production of documents. The balance of defendant's motion is DENIED.[3]

**IT IS SO ORDERED.**

Dated: August 17, 2006

SUSAN ILLSTON
United States District Judge

---

[2] Plaintiff's meet and confer e-mails state that it will "downgrade" certain documents pending confirmation that the documents are in fact "public" documents. However, plaintiff's letter brief also generally argues, somewhat inconsistently, that "public" documents can be "confidential" or "highly confidential."

[3] Defendant states, and plaintiff does not deny, that in other document productions that are not the subject of the instant dispute, plaintiff has made a blanket designation listing all documents as confidential. Plaintiff would be well-advised to review these document productions on a document-by-document basis to determine whether the designations are proper under the protective order. Further, if defendant challenges any such designations, plaintiff shall comply with the protective order by promptly responding in writing with an explanation of the bases for the designations. Should defendant file a further motion to compel regarding other blanket designations, the Court will be inclined to grant attorneys' fees and other appropriate relief.