**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PB FARRADYNE, INC., | No. C 05-3447 SI |
| Plaintiff /Counterdefendant, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE FOURTH AMENDED COMPLAINT; GRANTING IN PART AND DEFERRING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| THOMAS D. PETERSON, *et al.*, | |
| Defendants/Counterclaimants. | |

On September 1, 2006, the Court heard oral argument on plaintiff's motion for leave to file a fourth amended complaint, and defendant's motion for partial summary judgment. After careful consideration of the parties' papers and the arguments of counsel, the Court hereby GRANTS in part and DENIES in part plaintiff's motion to amend the complaint, and GRANTS in part and DEFERS in part defendant's motion for partial summary judgment.

**BACKGROUND**

On August 25, 2005, plaintiff PB Farradyne, Inc. ("Farradyne") filed this patent action against defendants Thomas Peterson, an individual, and Traffic Assist, a California company. Farradyne seeks declaratory judgment of non-infringement, invalidity and unenforceability of two patents owned by Peterson, U.S. Patent Nos. 5,523,950 ("'950 patent") and RE38,724 ("'724 patent"). The '950 patent is titled "Method and Apparatus for Providing Shortest Elapsed Time Route Information to Users," and was filed on May 8, 1995 and issued on June 4, 1996. *See* TAC, Ex. A. The '724 patent is titled "Method and Apparatus for Providing Shortest Elapsed Time Route and Tracing Information to Users,"

and was filed on November 21, 2000, and reissued on April 12, 2005. *Id.* at Ex. B.[1] The operative complaint, the Third Amended Complaint ("TAC"), is alleged against defendant Peterson individually and in his capacity doing business as Traffic Assist.

**LEGAL STANDARD**

**1.    Amending the Complaint**

Federal Rule of Civil Procedure 15 governs the amendment of complaints. It states that if a responsive pleading has already been filed, the party seeking amendment "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Accordingly, the Court must be very liberal in granting leave to amend a complaint. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 530 (N.D. Cal. 1989) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

Once a plaintiff has given a legitimate reason for amending the complaint, the burden shifts to the defendant to demonstrate why leave to amend should not be granted. *See Genentech*, 127 F.R.D. at 530-31 (citing *Senze-Gel Corp. v. Sieffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986)); William W. Schwarzer et al., Federal Civil Procedure Before Trial, § 8:415, at 8-75. There are several accepted reasons why leave to amend should not be granted, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and that the plaintiff has previously amended the complaint. *See Ascon Properties*, 866 F.2d at 1160; *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809 (9th Cir. 1988). The Court has the discretion to determine whether the presence of any of these elements justifies refusal of a request to amend the complaint; this

---

[1] The '724 patent is a reissue of U.S. Patent No. 5,845,227, with the same title, which was filed on February 9, 1996 and issued on December 1, 1998. The '227 patent, in turn, is a continuation-in-part of the '950 patent.

discretion is particularly broad where plaintiff has previously amended the complaint. *See Ascon Properties*, 866 F.2d at 1160.

## 2. Summary Judgment

Summary adjudication is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *See T.W. Elec. Service, Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the non-moving party. *See T.W. Electric*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence presented by the parties must be admissible. *See* Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

## DISCUSSION

## 1. Plaintiff's Motion to File Fourth Amended Complaint

Plaintiff seeks to amend the complaint for a fourth time to add the following two new sets of allegations regarding inequitable conduct in connection with the '724 reissue patent: (1) Peterson's failure to disclose to the PTO the existence of *Peterson v. Microsoft*, C 99-1718 VRW ("*Microsoft* litigation"), which alleged infringement of the same '950 patent that Peterson is asserting in this action,

*see* Proposed Fourth Amended Complaint ¶¶ 26-31; and (2) Peterson's failure to disclose additional material prior art provided to him by On-Time Systems, *see id.* ¶¶ 32-35, Ex. P & Q. In addition, although not addressed in plaintiff's motion for leave to amend, the proposed amended complaint includes a new statutory "failure to mark" defense. *See id.* ¶ 53. Defendant opposes the proposed amendment regarding the disclosure of the *Microsoft* litigation, as well as the inclusion of the "failure to mark" defense.[2]

### A. *Microsoft* litigation

Defendant contends that Farradyne should not be permitted to add allegations of inequitable conduct regarding the failure to disclose the *Microsoft* litigation because Farradyne delayed in seeking the proposed amendment, defendant will suffer prejudice, the claims are non-specific in violation of pleading rules, and because the claims are futile. Although the Court believes that plaintiff could have alleged these inequitable conduct allegations earlier, the Court will allow the proposed amendments in light of the liberal policy favoring amendment and the circumstances of this case. Defendant has not demonstrated any material prejudice that would flow as a result of the proposed amendment, and the litigation has not proceeded to such an advanced phase that the amendments will result in any delay. Further, contrary to defendant's assertions, the claim does not fail as a matter of law and may have merit.

The Court agrees with defendant, however, that some of the proposed allegations are too general. As the Court has repeatedly instructed plaintiff in connection with defendant's previous motions to dismiss, allegations of inequitable conduct must be pled with specificity. Thus, allegations that Peterson and/or his representatives were obligated to bring "material information arising from" the *Microsoft* litigation to the attention of the PTO are inadequate.[3] Plaintiff's fourth amended complaint shall

---

[2] Defendant agrees that plaintiff should be allowed to add the inequitable conduct claim regarding failure to disclose additional material prior art provided to Peterson by On-Time Systems, as plaintiff only learned of this information in a recent document production.

[3] As defendant noted during the oral argument, plaintiff's allegations of inequitable conduct are described in much greater specificity in plaintiff's reply brief than in the proposed fourth amended complaint.

4

specifically plead materiality and intent to deceive, the time, place and content of any alleged misrepresentations, and the identifies of the parties to the misrepresentations. *See Ferguson Beauregard/Logic Controls v. Mega Systems, LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003); *America, Inc. v. Genus, Inc.*, 2002 WL 24444, *2 (N.D. Cal. Jan. 9, 2002) ("Allegations of inequitable conduct involve fraud and are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).").

### B.     New § 287 Allegations

The second amended complaint did not include any allegations regarding defendant's alleged failure to comply with the marking and/or notice provisions of 35 U.S.C. § 287. By order filed June 6, 2006, the Court granted defendant's motion to dismiss and granted plaintiff *limited* leave to amend to assert an invalidity defense based on § 102(f). Plaintiff's third amended complaint and the proposed fourth amended complaint include new allegations regarding the failure to comply with § 287. The proposed fourth amended complaint alleges,

> Peterson's claims for relief are limited in whole or in part by failure to comply with the marking and/or notice provisions of 35 U.S.C. § 287. Peterson's claim for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and 287. Peterson's recovery of costs is limited under 35 U.S.C. § 288.

Proposed FAC ¶ 53; *see also* Third Amended Complaint ¶ 53 (same).

Defendant correctly contends that the allegations regarding failure to mark are outside the scope of the leave to amend granted in the June 6, 2006 order. Inexplicably, despite the fact that defendant alerted plaintiff's counsel to this fact in a letter dated June 15, 2006 (regarding the third amended complaint), *see* Sovocool Decl. Ex. D, and in defendant's opposition to the instant motion to amend, neither plaintiff's motion nor reply papers discuss this amendment.[4] Further, plaintiff did not address this issue at the hearing. Accordingly, the Court STRIKES paragraph 53 from the Third Amended Complaint, and DENIES plaintiff's motion for leave to amend the complaint to include these allegations. The fourth amended complaint *shall not* include any failure to mark allegations.

---

[4] Similarly, although defendant conditionally moved for summary judgment on this issue in the event the Court was inclined to allow plaintiff leave to amend to include failure to mark allegations, plaintiff's summary judgment opposition explicitly does not address this issue.

5

### 2. Defendant's Motion for Partial Summary Judgment

Defendant has moved for summary judgment on the following defenses asserted by Farradyne: (1) Section 273 (earlier inventor rights); (2) Section 102(f) (derivation); (3) Section 102 (foreign systems only). Defendant conditionally moves for summary judgment – if plaintiff is allowed to file the proposed fourth amended complaint – on two additional defenses: (4) inequitable conduct from failure to cite the *Microsoft* litigation during the '724 reissue proceedings; and (5) Section 278 (marking/notice).

Plaintiff's opposition only addresses Section 102 (foreign systems only) and inequitable conduct from failure to cite the *Microsoft* litigation. *See* Plaintiff's Cross-Motion and Opposition at 1 n.1 (stating, without explanation, that the "Opposition does not address Sections I, II and V of Peterson's Motion.").[5] Accordingly, the Court GRANTS defendant's motion for summary judgment with respect to plaintiff's defenses based on Section 273 (earlier inventor rights) and Section 102(f) (derivation). Defendant's motion for summary judgment with respect to Section 278 (marking/notice) is moot in light of the Court's disposition of plaintiff's motion for leave to amend the complaint. The Court discusses the remaining issues below.

### A.   § 102/Foreign Systems

Farradyne's Patent Local Rule 3-3 Invalidity Contentions attached "charts" showing 30 different articles or prior systems that Farradyne contends qualify as prior art under Sections 102 and 103. *See* Hoffman Decl., Ex. 5.[6] Defendant moves for partial summary judgment on the ground that nine articles or prior systems identified by Farradyne cannot, as a matter of law, qualify as prior art under 35 U.S.C. § 102 because they are products installed or operated outside the United States. Plaintiff responds that

---

[5] The Court notes that plaintiff's defenses based on Section 273 and Section 102(f) were the subject of prior defense motions to dismiss, which plaintiff opposed. Plaintiff's complete abandonment of these claims, without any explanation, leads the Court to question the manner in which plaintiff has litigated this case. At a minimum, plaintiff's efforts to preserve these defenses has resulted in the needless expenditure of time and resources for both the Court and defendant.

[6] The systems or projects at issue are: CACS (Japan) - chart 3-4; Autoguide (UK) - chart 9-10; ALI-Scout (Germany) - chart 13-14; AMTICS (Japan) - chart 27-28; SOCRATES (UK) - chart 29-30; Route-Tel (UK) - chart 37-38; TravElGuide (Canada) - chart 51-52; Q-Route (Canada) - chart 53-54; and LISB (Germany) - chart 59-60.

it is asserting invalidity based upon printed publications describing the nine products at issue, and based on public knowledge in the United States of the foreign products.

Under Section 102, a prior patent or publication anywhere will negate novelty and render a patent invalid. In contrast, prior knowledge, use or invention will constitute an anticipation only if it occurs "in this country." 35 U.S.C. §§ 102(a), (e), (g); 1 Donald A. Chisum, Chisum on Patents §§ 3.01; 3:05[5] (2006). Thus, defendant is correct that to the extent plaintiff's charts assert invalidity on the basis of products or systems known, used or invented outside the United States, those claims fail as a matter of law and defendant is entitled to summary judgment on that limited basis. As defendant notes, notwithstanding plaintiff's characterization of the claims in its opposition papers, the charts for the nine foreign products at issue all generally state,

> PB Farradyne asserts this product as prior art under 35 U.S.C. § 102. Despite the fact that references are applied for these products, PB Farradyne maintains that the fact that the *products were in use prior to the earliest possible date of invention of the asserted patents* means that the multiple relevant references are relevant under 35 U.S.C. § 102.
> . . .

*See, e.g.*, Hoffman Decl., Ex. 5 at Chart 3 (emphasis added).[7] This language is ambiguous at best, and certainly open to the interpretation that defendant suggests.

However, to the extent plaintiff asserts that the patents in suit are invalid based on printed publications describing the products, whether published in the United States or elsewhere, plaintiff can pursue those claims. *See* 35 U.S.C. § 102(b); *see also Bruckelmyer v. Ground Heaters, Inc.*, 445 F.3d 1374 (Fed. Cir. 2006). If plaintiff contends that the publications listed in each of the charts at issue constitute prior art (and these publications are not so identified in other charts not subject to the instant motion), plaintiff may file supplemental charts specifically asserting as much. However, plaintiff is cautioned that "invalidity by anticipation requires that the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation," *Advanced Display Systems Inc. v. Kent State University*, 212 F.3d 1272, 1282 (Fed. Cir. 2000), *cert. denied*, 532 U.S. 901 (2001), and plaintiff's ability to rely on "extra references and extrinsic evidence" is limited. *See*

---

[7] Each chart is titled, "Invalidity of U.S. Patent No. RE38,724 in view of [product]."

7

*generally* 1 Chisum, Chisum on Patents § 3.02[1][d]-[e].

In addition, to the extent plaintiff contends that the patents at issue are invalid based upon "knowledge in this country" of the nine products, plaintiff can also pursue those claims. *See, e.g.*, *Ecolochem, Inc. v. Southern Cal. Edison Co.*, 227 F.3d 1361, 1369 (Fed. Cir. 2000), *cert. denied*, 532 U.S. 974 (2001) ("A presentation indicative of the state of knowledge and use in this country therefore qualifies as prior art for anticipation purposes under § 102.").

### B.   *Microsoft* litigation

Defendant has moved for summary judgment on this proposed claim in the event the Court allows plaintiff to so amend the complaint. Plaintiff's opposition is also styled as a cross-motion, and moves on a number of inequitable conduct allegations, including the failure to disclose the *Microsoft* litigation. Plaintiff's cross-motion has not been fully briefed, and is set for argument on October 6, 2006. The Court finds it prudent to consider this aspect of defendant's motion for partial summary judgment in conjunction with plaintiff's cross-motion, and accordingly DEFERS ruling on this issue.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS in part and DENIES in part plaintiff's motion for leave to file a fourth amended complaint. (Docket No. 61). Plaintiff shall file the fourth amended complaint by **September 8, 2006**. The Court hereby GRANTS in part defendant's motion for partial summary judgment, and DEFERS ruling on the motion to the extent it seeks summary judgment on plaintiff's inequitable conduct claim. (Docket No. 82).

**IT IS SO ORDERED.**

Dated:   September 5, 2006

_____
SUSAN ILLSTON
United States District Judge